**United States District Court**
For the Northern District of California

|  |  |
|---|---|
| AMANDA U LEVY, | No. C-13-02075 DMR |
| Plaintiff(s), | **ORDER TREATING PLAINTIFF'S NOTICE OF APPEAL [DOCKET NO. 9] AS A MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. |  |
| APPLE INC, |  |
| Defendant(s). |  |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

On June 24, 2013, this court issued an order granting Plaintiff's motion for leave to proceed in forma pauperis and dismissing her complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). [Docket No. 6.] The court gave Plaintiff until July 8, 2013 to file an amended complaint. Plaintiff did not do so. On July 10, 2013, the court dismissed the case for failure to prosecute. [Docket No. 7.] On July 25, 2013, Plaintiff filed a notice of appeal to the Ninth Circuit. [Docket No. 9.] However, it appears that Plaintiff intended to file a motion for reconsideration of the July 8, 2013 deadline for filing an amended complaint with this court, rather than an appeal to the Ninth Circuit. *See* Docket No. 9 ("Your Honor, I would like to thank you for granting me leave to amend my complaint for the above-captioned cases [C-13-2075 and C-13-2076]. Unfortunately, I did not receive your letter. Hence, I would like to appeal the Order of Dismissal for failure to Prosecute . . . I pray you would allow me to proceed with [the amended

pleadings] in your courtroom."). Accordingly, this court will construe Plaintiff's notice of appeal as a motion for reconsideration of the July 8, 2013 deadline for filing an amended complaint.

Absent "highly unusual circumstances," reconsideration is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, (3) there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration cannot be based on evidence that could reasonably have been discovered prior to the court's ruling on the original motion. *See Hopkins v. Andaya,* 958 F.2d 881, 887 n. 5 (9th Cir.1992), *abrogated on other grounds by Saucier v. Katz,* 533 U.S. 194, 201 (2001) *and Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir.1994). Whether to grant or deny a motion for reconsideration is in the sound discretion of the district courts. *Navajo Nation v. Norris,* 331 F.3d 1041, 1046 (9th Cir.2003).

None of the circumstances under which a court ordinarily reconsiders its prior decisions are present here; instead, Plaintiff's only basis for seeking reconsideration is that she did not receive the court's order granting her leave to file an amended complaint. That order was duly served on Plaintiff at the address she provided in her complaint. *See* Docket Nos. 1 and 6-1 (Proof of Service). Under these circumstances, the court declines to reconsider its prior orders.[1] Plaintiff's motion to receive court documents via email [Docket No. 13] is denied.

IT IS SO ORDERED.

Dated: August 14, 2013

DONNA M. RYU
United States Magistrate Judge

---

[1] In any event, the court notes that Plaintiff's proposed amended complaint fails to correct the deficiencies noted in the court's June 24, 2013 order dismissing the case, and still does not state a claim on which relief can be granted. *See* Docket No. 10.

2